UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JACE WASHINGTON                                    CIVIL ACTION

VERSUS                                             NO. 13-6120

ROBERT TANNER, ET AL.                              SECTION "B"(3)

ORDER AND REASONS

This habeas petition was filed by Mr. Jace Washington (hereinafter "Petitioner") on October 09, 2015. Petitioner asserts seven grounds for relief.[1] In his Report and Recommendation, the Magistrate Judge recommended that the Petitioner's *habeas* claims be dismissed with prejudice for lack of merit and for the interest of judicial economy. Rec. Doc. 12 at 4. For the reasons stated below,

**IT IS ORDERED** that the Petitioner's Objections (Rec. Doc. 13) are **OVERRULED.**

**IT IS FURTHER ORDERED** that the Magistrate Judge's Report and Recommendations (Rec. Doc. 12) are **ADOPTED**. Accordingly, Petitioner's claims are **DISMISSED WITH PREJUDICE.**

I.   FACTS AND PROCEDURAL HISTORY

Petitioner is a state prisoner incarcerated at the B.B. "Sixty" Rayburn Correction Center in Angie, Louisiana. Rec. Doc.

---

[1] The claims include: 1) insufficiency of evidence; 2) exclusion of co-defendant's confession; 3) defective indictment; 4) perjured testimony; 5) prosecutorial misconduct for failure to disclose evidence; 6) and ineffective assistance of counsel. Rec. Doc. 1 at 2.

2

12 at 1.  He was convicted of manslaughter under Louisiana law on October 14, 2009. Rec. Doc. 12 at 1-2.  Petitioner was sentenced to a term of twenty-five years imprisonment on June 17, 2010. Rec. Doc. 12 at 2.  The Louisiana First Circuit Court of Appeal affirmed his conviction and sentence and the Louisiana Supreme Court subsequently denied Petitioner's writ application. Rec. Doc. 12 at 2.  Petitioner filed two post-conviction relief applications that were denied. Rec. Doc. 12 at 2-3.  Petitioner then filed this *habeas* petition.  The State concedes that the petition is filed timely. Rec. Doc. 12 at 3.

The State has two arguments in this case.  First, the State argues that Petitioner's claim should be dismissed for failure to exhaust all state remedies as to five of his seven claims.[2]  Rec. Doc. 12 at 3. Secondly, the State argues that Petitioner's application should be denied with prejudice on the merits, notwithstanding the failure to exhaust remedies available in state courts. Rec. Doc. 12 at 4.  The State argues that this Court has the authority to deny a *habeas* petition on the merits regardless of the exhaustion requirement.

In his Report and Recommendation, the Magistrate Judge adopted the second argument of the State and recommended the

---

[2] The two claims the State argues are exhausted include 1) there was insufficient evidence to support Petitioner's conviction and 2) that Petitioner's co-defendant was improperly excluded as hearsay.

3

dismissal of Petitioner's claims with prejudice on the merits in the interest of judicial economy. Rec. Doc. 12 at 4.

### III. LAW AND ANALYSIS

#### a. Authority to Dismiss Petition on the Merits

This Court has the authority to dismiss Petitioner's *habeas* petition on the merits whether or not Petitioner has exhausted state remedies. Title 28, section 2254(b)(2) of the United States Code states that "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." *See* also *Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997). Courts have the authority "to exercise discretion in each case to decide whether the administration of justice would be better served by insisting on exhaustion or by reaching the merits of the petition forthwith." *Granberry v. Greer*, 481 U.S. 129, 131, (1987). Further, "the district court would abuse its discretion if it were to grant [Petitioner] a stay when his unexhausted claims are plainly meritless." *Rhines v. Weber*, 544 U.S. 269, 277 (2005). This Court finds that, in the interest of the administration of justice, Petitioner's claims should be dismissed as meritless.

#### b. Petitioner's Claims

##### 1. Sufficiency of the Evidence

Petitioner claims that there was insufficient evidence for a jury's conviction. This court must defer to the state court's

decision rejecting Petitioner's claim unless he shows that the decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *Williams v. Taylor*, 529 U.S. 362, 399 (2000). Further, claims of insufficient evidence are to be analyzed pursuant to the standard set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Jackson* held that "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319. In addition, Louisiana's circumstantial evidence standard, which requires that every reasonable hypothesis of innocence be excluded does <u>not</u> apply in federal *habeas corpus* proceedings, only the *Jackson* standard needs to be satisfied. *Foy v. Donnelly*, 959 F.2d 1307, 1314 n.9 (5th Cir. 1992).

Here, Petitioner's participation and intent to commit the underlying crime was established through the testimony of witnesses at trial, including his co-defendant Edric Cooper. Rec. Doc. 12 at 17. Because of this evidence, it cannot be said that the guilty verdict in this case was irrational when the evidence is viewed in the light most favorable to the prosecution. For these reasons, the Court finds that Petitioner has not shown that the state court's decision rejecting this claim was contrary to, or

involved an unreasonable application of clearly established federal law.

### 2. The Exclusion of a Confession

Petitioner also claims that the confession of his co-defendant was improperly excluded as hearsay. Petitioner argues that prior statements made by his co-defendant, Glenn Carter, exculpated him and were crucial to his defense because they show that Petitioner was not involved in the attempted robbery. Rec. Doc. 12 at 18. The sole question for this Court on this issue is whether the exclusion of the confession was erroneous and denied Petitioner's fundamental fairness under federal law. "Erroneous exclusion of evidence is fundamentally unfair if the evidence was material in the sense that it was crucial, critical, and highly significant." *Poretto v. Stalder*, 834 F.2d 461, 465 (5th Cir. 1987).

Here, Carter's statements were properly excluded as hearsay because, as the Louisiana First Circuit Court of Appeal stated, Petitioner "failed to present the necessary corroborating evidence to indicate the trustworthiness of the statements." *State v. Washington*, 2011 WL 2616850 at *8 (La. App. Ct. 1 Cir. 5/6/2011). The record shows that Carter's statements were inconsistent and contrary to the testimony of Joe Robert Romero-Echegoyen, an eyewitness with no motive to lie. (Rec. Doc. 12 at 22). Further, Carter later recanted the testimony claiming the statements were

6

coerced. Rec. Doc. 12 at 22. The record demonstrates that the trial judge properly excluded the hearsay testimony for being untrustworthy. We find that the judge's ruling did not render Petitioner's trial fundamentally unfair because the statement was not crucial, critical, or highly significant to Petitioner's defense.

Nevertheless, if these statements had been admitted at trial, there is no reasonable probability that the jury would have considered them credible.  Petitioner has not demonstrated why the exclusion of his co-defendant's statement was fundamentally unfair to his trial and how the jury would find the testimony credible. For these reasons, this Court cannot say that the exclusion of the statements rendered petitioner's trial fundamentally unfair.

### 3. Defective/Constructive Amendment of the Indictment

Petitioner also argues that the indictment was defective because it failed to specify the essential elements of the crime charged. Rec. Doc. 1 at 19-20.  Further, Petitioner argues that there was an impermissible constructive amendment of the indictment.  The Louisiana First Circuit Court of Appeal found that the indictment was legally sufficient as a matter of state law. "The sufficiency of a state indictment is not a matter for federal habeas relief unless it can be shown that the indictment is so defective that it deprives the state court of jurisdiction." *McKay v. Collins*, 12 F.3d 66, 68 (5th Cir. 1994) "Where the state

7

courts have held that an indictment is sufficient under state law, a federal court need not address that issue." *Id.* In addition, the Fifth Circuit approved the use of "short form" indictments with respect to certain offenses. *Liner v. Phelps*, 731 F.2d 1201, 1203-04 (5th Cir. 1984). As such, it cannot be said that the indictment was so defective as to deprive the state court of jurisdiction. Therefore, Petitioner's argument must fail.

### 4. Prosecution's use of Perjured Testimony

Petitioner claims that his rights were violated because the state used perjured testimony. Specifically, Petitioner argues that the prosecution knew that it was presenting perjured testimony because the witnesses provided inconsistent statements. Rec. 12 at 27. However, perjury is the offering of "false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." *United States v. Dunnigan*, 507 U.S. 87, 94 (1993). Perjury is not established by mere contradictory testimony from witnesses or inconsistencies in a witness's testimony. *Koch v. Puckett*, 907 F.2d 524, 531 (5th Cir. 1990). Rather, contradictory testimony from witnesses or inconsistencies in a witness's testimony at trial are to be resolved by the trier of fact and do not suffice to establish perjured testimony. *Id.* at 531. Accordingly, Petitioner has not demonstrated that the state used perjured testimony, and thus relief is not warranted.

**5. Failure of the Prosecution to Disclose Evidence**

Petitioner's claim that the state withheld exculpatory evidence is without merit. Petitioner argues that his rights were violated because the prosecution allegedly gave the defense an incorrect phone number for the Petitioner's co-defendant, Carter. Rec. Doc. 1-3 at 26-27. In *Brady v. Maryland*, the Supreme Court held that when a State suppresses evidence favorable to an accused that is material to guilt or to punishment, the State violates the defendant's right to due process, irrespective of the good faith or bad faith of the prosecution. *Brady v. Maryland*, 373 U.S. 83, 87 (1963).

Here, Petitioner admitted at trial that the phone number provided by the prosecution was Carter's. Rec. Doc. 12 at 30. Petitioner has not provided any other number nor any other evidence to demonstrate how the prosecution withheld evidence. In addition, even if the number was withheld, Petitioner has not argued how the withholding of the phone number was material to his guilt or punishment. For these reasons, the Court finds Petitioner's *Brady* claim meritless.

**6. Ineffective Assistance of Counsel**

Petitioner's final claim is that he received ineffective assistance of counsel at trial. Petitioner alleges that defense counsel failed "to investigate evidence, interview witnesses, and present exculpatory and impeachment evidence." Rec. Doc. 1 at 17.

9

Specifically, Petitioner raises twelve (12) claims of ineffective assistance of counsel.[3] Many of these claims involve defense counsel's strategy.

The principal Supreme Court case on the issue of ineffective assistance of counsel is *Strickland v. Washington*. In *Strickland*, the defendant argued that his counsel was ineffective and that this ineffectiveness was a substantial cause of him being sentenced to death. *Strickland v. Washington*, 466 U.S. 668, 671 (1984). The Supreme Court laid out a two-part test to determine whether the defendant received ineffective assistance of counsel. The test requires a criminal petitioner to show that 1) counsel's performance fell below an objective standard of reasonableness, and 2) that counsel's performance gives rise to a reasonable probability that, if counsel had performed adequately, the result would have been different. *Strickland*, 466 U.S. at 691-94. The second prong is more difficult to prove. The second prong, known

---

[3] Petitioner alleges: 1) Counsel failed to interview witnesses or perform an adequate investigation in order to show that Cooper's testimony was false; 2) Counsel failed to interview Carter and "investigate the dynamics of his confession;" 3) Counsel failed to investigate telephone records which petitioner suggests would have shown that Cooper's testimony was inaccurate in various respects; 4) Counsel failed to interview Natalie Cosborn; 5) Counsel failed to interview or subpoena Luis Martinez-Avila or utilize his prior statements; 6) Counsel failed to investigate, interview, and impeach Jose Roberto Romero-Echogoyen; 7) Counsel failed to utilize a crime scene photograph at trial; 8) Counsel failed to investigate and present evidence showing that the true killer could have been Juan Carlos Reyes-Gonzalez, who had allegedly threatened the victims; 9) Counsel failed to call Detective Stacy Callendar and other detectives as witnesses; 10) Counsel failed to interview and subpoena Ryshon Donaldson; 11) Counsel failed to investigate whether 985-285-9159 was in fact Carter's cell phone number; 12) Counsel failed to investigate or call Dennis Ducre as a witness; 13) and the Counsel failed to request a continuance to secure the testimony of Natalie Cosborn. Rec. Doc. 1 at 11-13.

10

as the "prejudice" prong, requires that the petitioner "establish prejudice [by proving] that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694. The Court stated that "[an] error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id*. at 691. Courts presume that trial strategy is objectively reasonable unless clearly proven otherwise. *Strickland*, 466 U.S. at 698.

Here, Petitioner's allegations are entirely speculative and without merit. Petitioner presents no evidence, such as affidavits from defense counsel or witnesses, to support his claim. Instead, Petitioner provides baseless reasons as to why his counsel was ineffective. As the Magistrate Judge stated in his Report and Recommendation:

> [There] is no basis for this Court simply to assume that petitioner's allegations are true, in that other explanations are likely. For example, counsel may well have explored the various avenues of investigation, but found that the resulting information gleaned from that investigation was, in her professional opinion, unreliable, contradictory, or at odds with the theory of the defense. Without any proof whatsoever of what counsel actually did and did not do, and without evidence concerning the reasons for her choices, there is no evidentiary foundation for concluding

11

>    that she performed deficiently or that petitioner was prejudiced by her choices.

Rec. Doc. 12 at 36. Here, Petitioner's allegations of ineffective assistance of counsel fail because Petitioner has not demonstrated that his counsel's strategy was objectively unreasonable. Under *Strickland's* prejudice prong, Petitioner's allegations fail to prove that counsel's failure to call witnesses and produce certain evidence prejudiced Petitioner at trial. For these reasons, the Court finds that Petitioner's allegations of ineffective assistance of trial counsel are meritless.

### IV. CONCLUSION

Having considered the Magistrate Judge's Report and Recommendation, the Petitioner's Objections to the Magistrate's Report and Recommendation, and the applicable law,

**IT IS ORDERED** that the instant habeas corpus petition and the claims therein are **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana, this 31st day of March, 2016.

_____
UNITED STATES DISTRICT JUDGE