# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-30467
USDC No. 2:13-CV-6120

A True Copy
Certified order issued May 25, 2017

*Lyle W. Cayce*
Clerk, U.S. Court of Appeals, Fifth Circuit

JACE WASHINGTON,

    Petitioner-Appellant

v.

ROBERT C. TANNER, WARDEN, B. B. RAYBURN CORRECTIONAL CENTER,

    Respondent-Appellee

Appeal from the United States District Court for the
Eastern District of Louisiana, New Orleans

O R D E R:

    Jace Washington, Louisiana prisoner # 572335, moves this court for a certificate of appealability (COA) to appeal the district court's denial of his 28 U.S.C. § 2254 petition challenging his conviction for manslaughter and 25-year sentence. To obtain a COA, Washington must make "a substantial showing of the denial of a constitutional right," which in turn requires him to show that reasonable jurists would find the district court's assessment of his constitutional claims to be debatable or wrong. 28 U.S.C. § 2253(c)(2); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

    In his COA motion, Washington renews only his claims that counsel was ineffective for failing to investigate and impeach the testimony of Edric Cooper

No. 16-30467

or to call as witnesses Natalie Casborn (who, in fact, testified), Ryshon Donaldson, and Dennis Ducre; that the prosecution knowingly presented perjury; and that the trial court's exclusion of his co-defendant's prior statements to police violated his constitutional rights. He does not renew his claims, which he argued to the district court, that the evidence was insufficient to support his conviction, that the prosecution withheld exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1967), that the indictment was defective and/or constructively amended, or that counsel was ineffective for other reasons. Accordingly, these claims are waived. *See Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir. 1999) (explaining that "[i]ssues not raised in the brief in support of [a petitioner's] COA application are waived").

Washington also appears to argue, for the first time, that his conviction should be overturned because the Louisiana Public Defender's Office as a whole performs deficiently and because the State presented competing theories regarding how the offense was committed. These newly raised claims will not be considered. *See Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) ("We generally will not consider a claim raised for the first time in a COA application.").

As to the claims properly before this court, Washington has failed to demonstrate that reasonable jurists would find the district court's denial of relief to be debatable or wrong. *See Slack*, 529 U.S. at 484. Accordingly, the COA motion is DENIED.

/s/ Stephen Higginson
STEPHEN A. HIGGINSON
UNITED STATES CIRCUIT JUDGE